1
2
3
4
5
6

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## IN TACOMA

| | |
|---|---|
| MASTER POOLS ALTA Ltd., a Canadian corporation,<br><br>                           Plaintiff,<br><br>      v.<br><br>MATTHEW RUZICKA, CANYON ROAD INVESTORS, LLC, MEZ LENDER, LLC, DANIEL VANCLEVE, CAROLYN VANCLEVE, H20 INTEGRATION CONTROLS, LLC, KNA, LLC, STEVE LEVINE, TOP NOTCH PERFORMANCE LLC, GEMSTONE TILE, LLC, BLAYNE RUZICKA, SUMMIT PLANNING GROUP, LLC, SHANE BESCHEN, and DOMINICK MACRI,<br><br>                         Defendants. | No.<br><br>COMPLAINT FOR DAMAGES |

Plaintiff Master Pools Alta. Ltd. ("**MPA**") complains and alleges as follows:

### I.     **PARTIES**

     1.1     Plaintiff MPA is a Canadian corporation which constructs swimming pools and similar water parks and features. MPA has satisfied all prerequisites to maintain this action.

COMPLAINT FOR DAMAGES - 1

OLES MORRISON RINKER & BAKER LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101-3930
PHONE: (206) 623-3427
FAX: (206) 682-6234

1.2     Matthew Ruzicka ("**Ruzicka**") is a competent adult domiciled in the State of Washington. Ruzicka was previously the President of The Pool Company ("**TPC**"), the primary U.S. subsidiary of MPA. During his tenure as president of TPC, Ruzicka created and operated a complex illicit enterprise comprised of TPC and a constellation of related companies and individuals which systematically defrauded MPA for Ruzicka's personal benefit. Ruzicka participated in each of the wrongful acts, omissions, and conduct described below and/or had actual or constructive notice of the wrongful acts, omissions, and conduct perpetrated upon MPA.

1.3     On information and belief, Canyon Road Investors, LLC was a Washington Limited Liability Company (now administratively dissolved) with its principal place of business in the State of Washington.

1.4     On information and belief, Mez Lender, LLC was a Washington Limited Liability Company (now administratively dissolved) with its principal place of business in the State of Washington.

1.5     On information and belief, Daniel and Carolyn VanCleve are competent adults domiciled in the State of Arizona.

1.6     H20 Integration Controls, LLC, is a Washington limited liability company with its principal place of business in the State of Washington.

1.7     On information and belief, KNA, LLC is a Kansas limited liability company with its principal place of business in the State of Kansas.

1.8     On information and belief, Steve Levine is a competent adult domiciled in the State of Kansas.

1.9     On information and belief, Top Notch Performance, LLC is a Wyoming corporation with its principal place of business in the State of Hawaii.

1.10    On information and belief, Gemstone Tile, LLC is an Arizona corporation with is principal place of business in the State of Arizona.

COMPLAINT FOR DAMAGES - 2

**OLES MORRISON RINKER & BAKER** LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101-3930
PHONE: (206) 623-3427
FAX: (206) 682-6234

1.11    On information and belief, Blayne Ruzicka is a competent adult domiciled in the State of Washington.

1.12    On information and belief, Summit Planning Group, LLC is a Wyoming corporation with is principal place of business in Washington.

1.13    On information and belief, Shane Beschen is a competent adult domiciled in the State of Hawaii.

1.14    On information and belief, Dominick "Mike" Macri is a competent adult domiciled in the State of Washington.


# I.    **JURISDICTION AND VENUE**

2.1    All prior paragraphs are re-alleged as though fully set forth herein.

2.2    This action is brought under the federal Racketeer Influenced and Corrupt Organization Act ("RICO Act"), 18 U.S.C. §1961, *et seq.*, and various other Washington common law doctrines and/or statutes. Jurisdiction is vested in this Court by virtue of 28 U.S.C. §1331. Plaintiff's claims brought under Washington law are so related to Plaintiff's Federal claims (over which this Court has original jurisdiction) that they form part of the same case or controversy. Under Article III of the United States Constitution, this Court has supplemental jurisdiction over Plaintiff's Washington common law and/or statutory claims pursuant to 28 U.S.C. §1367.

2.3    This Court further and alternatively has jurisdiction over this action pursuant to 28 U.S.C. §1332(a) based upon diversity of citizenship. Plaintiff is a citizen of Canada, with its headquarters and principal place of business in Edmonton, Alberta, Canada. Defendants are citizens or residents of various U.S. States. The amount in controversy exceeds $75,000 exclusive of interest and costs.

2.4    Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(2) and 18 U.S.C. §1965. Ruzicka and several Defendants reside principally operate in the Western

COMPLAINT FOR DAMAGES - 3

**OLES MORRISON RINKER & BAKER** LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101-3930
PHONE: (206) 623-3427
FAX: (206) 682-6234

District, and a substantial part of the acts and omissions giving rise to the claims stated herein occurred within Pierce County, Washington.

## III.   FACTUAL ALLEGATIONS

3.1     All prior paragraphs are re-alleged as though fully set forth herein.

3.2     As detailed below, Ruzicka established, managed, and operated a complex fraudulent enterprise structured around TPC during his time as president of the company.

3.3     The primary purpose of this enterprise was Ruzicka's personal enrichment (generally at MPA's expense), which he accomplished through a persistent network of related entities and individuals with varying degrees of knowledge and culpability regarding the enterprise's operations.

3.4     Through this enterprise, Ruzicka engaged in an extended pattern of racketeering activity which included direct misappropriation of TPC funds, breach of fiduciary duty through usurpation of TPC corporate opportunities, and diversion of TPC payroll and employee labor for Ruzicka's personal benefit.

3.5     Before this conduct was discovered by MPA and Ruzicka was accordingly terminated, this conduct spanned state and national borders over several years, was effectuated through frequent use of the U.S. wire and mail systems, and substantially damaged TPC.

**Background**

3.6     TPC is a wholly owned subsidiary of MPA created to coordinate MPA's U.S. operations.

3.7     All stock of TPC is owned by MPA. TPC operates throughout the United States.

3.8     MPA hired Ruzicka in Canada in the mid 1990's. Ruzicka moved to the United States in 1997 to work as a project Manager for TPC shortly after the entity's

COMPLAINT FOR DAMAGES - 4

incorporation. At the time of incorporation, MPA majority owner and president Dwight Love ("**Love**") was also President of TPC.

3.9     Ruzicka was offered a partnership in MPA in 2005 and now has a 10% ownership interest in that entity.

3.10    Ruzicka became President of TPC in 2009, in part on the belief that Ruzicka's possession of a U.S. social security number would expedite the process of securing U.S. state contractor licensing for TPC projects. Love did not have a U.S. social security number at that time. By law, Ruzicka's position as an officer of TPC meant he owed a number of strict fiduciary duties to the corporation.

3.11    Ruzicka served as President of TPC until he was terminated on 5/16/18.

3.12    During his time as TPC President, Ruzicka reported directly to Love, who also held the title of Secretary of TPC.

3.13    In early 2017, Love became aware that Ruzicka had been neglecting his duties as President of TPC. In June 2017, Love arranged a meeting with Ruzicka and Lawrence Dary ("**Dary**"), owner of an MPA shareholder entity called LinLaw Investments Ltd.

3.14    During this June 2017 meeting, Love offered to assist Ruzicka with the operation of TPC.

3.15    Ruzicka denied that he required assistance, or that he was devoting attention to other commercial ventures at TPC's expense.

3.16    Ruzicka explicitly confirmed to Love and Dary that he was not personally involved with any business entities other than TPC.

3.17    Ruzicka attributed the recent lapses in his performance to the demands of his business development activities on behalf of TPC, as well as a recent illness.

3.18    Ruzicka would eventually concede during this meeting (referenced above) that he had been involved in setting up a company for a relative, Gemstone Tile, LLC ("**Gemstone**"), but claimed to have no further time commitments to that enterprise.

COMPLAINT FOR DAMAGES - 5

**OLES MORRISON RINKER & BAKER** LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101-3930
PHONE: (206) 623-3427
FAX: (206) 682-6234

3.19    Love would later learn that Ruzicka had made a significant loan (or investment) of some $750,000 to Gemstone together with other contributions, the sources of which on information and belief included funds wrongfully misappropriated from TPC and/or Gemstone costs wrongfully charged to TPC accounts.

3.20    Ruzicka's performance did not improve, TPC suffered significant losses in the year 2017, and in December 2017, Love chose to begin investigating Mr. Ruzicka's performance more closely.

3.21    This investigation produced a track record of misconduct by Ruzicka that materially damaged TPC.

3.22    Over the last several months, MPA became aware that Ruzicka used TPC as the cornerstone of a complicated illicit enterprise involving no less than a dozen companies and individuals.

3.23    This shadow organization (hereinafter "**The Ruzicka Enterprise**") engaged in a pattern of illicit conduct which facilitated his scheme to defraud MPA by 1) using TPC funds to make payments to external third parties for Ruzicka's personal benefit; 2) exploiting TPC's resources to generate personal income for Ruzicka; and 3) using TPC funds to support employees primarily performing work for Ruzicka's non-TPC ventures.

**Use of TPC Funds for Personal Benefit**

3.24    Ruzicka operated The Ruzicka Enterprise to leverage TPC's resources for his personal benefit. One of the ways this was accomplished was though payments by TPC to third parties at Ruzicka's direction.

3.25    These payments either funded investments benefiting Ruzicka personally or covered the expenses of Ruzicka's friends, family, and other businesses.

3.26    Each of these payments was associated with a number of identifiable transactions which were either missing or fraudulently recorded in TPC's accounting records.

COMPLAINT FOR DAMAGES - 6

**OLES MORRISON RINKER & BAKER LLP**
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101-3930
PHONE: (206) 623-3427
FAX: (206) 682-6234

3.27    These schemes effectively allowed Ruzicka to treat TPC as a personal bank, funding his lavish lifestyle and personal commercial ventures at TPC's expense.

Investments in Surf City Waterpark

3.28    In 2014, Ruzicka pursued involvement in a waterpark and hotel project in Ellensburg, WA known as Surf City Waterpark.

3.29    Ruzicka arranged for an account to be set up for Surf City Waterpark on TPC's books and represented that TPC had entered a multi-million dollar contract to perform design and construction of the aquatic portion of the waterpark.

3.30    In fact, no contract was executed by TPC for construction of the project.

3.31    The project was under development principally by a Derald "Gene" Martin and John Hoss, who served as managers of Canyon Road Investors, LLC ("**CRI**").

3.32    CRI was formed in 2014 to acquire real estate owned by Lakeside Town Center Associates, LLC ("Lakeside") and develop that real estate into Surf City Waterpark.

3.33    Ruzicka was also a named governor of CRI.

3.34    On September 12, 2014, an entity called "Mez Lender, LLC" and CRI issued a "Private Placement Memorandum" to prospective investors in an effort to raise $1.6 million.

3.35    This amount was intended to fund the cost of securing construction financing for the Surf City Waterpark and to pay the costs and expenses associated with the offering. These costs included the payment of interest on investment loans, monthly compensation to John Hoss and Gene Martin, payments to an architect ("Benny Kim"), funding for a feasibility study, and other costs preceding the design and engineering of the waterpark itself.

3.36    Ruzicka sought to invest in the development in his personal capacity. This began when Ruzicka submitted an Investor Questionnaire in response to the Mez Lender Private Placement Memorandum.

COMPLAINT FOR DAMAGES - 7

OLES MORRISON RINKER & BAKER LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101-3930
PHONE: (206) 623-3427
FAX: (206) 682-6234

3.37    Ruzicka's Investor Questionnaire was submitted in his own name, and Ruzicka repeatedly represented to John Hoss and CRI that he was investing in the development in his individual capacity using his "own money."

3.38    However, on information and belief, the funds transferred to CRI came exclusively from TPC accounts.

3.39    Accordingly, each of Ruzicka's investment payments were delivered as bank wires from TPC and were falsely reflected on the company books as company expenditures.

3.40    On September 26, 2014, Ruzicka made his first payment of $200,000 (from a TPC account to Stewart Title of Kittitas County) to acquire a 12.5% fractional interest in the Lakeside Town Center Associates Deed of Trust ("DOT"). This granted Ruzicka options to personally acquire membership interest in CRI, which would own and operate the waterpark.

3.41    This same $200,000 was fraudulently recorded in the TPC accounting records as "Permitting and Design" costs for the Ellensburg Project.

3.42    A letter of October 25, 2014, confirmed Ruzicka's agreement to purchase an additional 48.75% of the DOT for $780,000, bringing his total personal share of the DOT to 61.25%.

3.43    From November 14, 2014, through April 13, 2015, Ruzicka instructed the TPC bookkeeper to make seven additional wire transfers totaling $403,000 from TPC to CRI partially funding his $780,000 obligation.

3.44    This same $403,000 was falsely recorded in the TPC accounting records as being expended on the Ellensburg Project.

3.45    Ruzicka arranged for the records of TPC to reflect that this $603,000 was being expended to fund the design and engineering of the waterpark, which would ultimately benefit TPC.

COMPLAINT FOR DAMAGES - 8

**OLES MORRISON RINKER & BAKER** LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101-3930
PHONE: (206) 623-3427
FAX: (206) 682-6234

3.46    In fact, while TPC did pay for engineering and design of the waterpark, this was paid as a separate cost to a different entity, in the amount of $163,001.

3.47    Pursuant to the terms of the payment arrangements confirmed in the October 25, 2014 letter agreement, investment interest was paid by CRI to Ruzicka personally on a monthly basis.

3.48    Checks from CRI were issued to Ruzicka personally from November 2014 through April 2015, for a total of $65,466.

3.49    Lakeside Town Center Associates was not able to raise the roughly $100 million in financial support to complete development, and the project has become embroiled in legal controversy and failed.

3.50    According to TPC's accounting records, although Ruzicka was never able to secure a complete contract for construction of the entire waterpark, by means of his misappropriations over $889,000 in TPC funds was still paid purportedly toward the initial development of the project, at least $603,000 of which was verifiably paid solely for Ruzicka's personal benefit.

MMCA Debt Settlement Payment

3.51    While some of these payments to third parties were facially for Ruzicka's benefit, others were for the benefit of entities within The Ruzicka Enterprise that Ruzicka wholly or partially controlled.

3.52    For example, on or around March 2, 2017, Ruzicka entered into a Brand Development Agreement with MMC Agency Inc. ("**MMCA**") through Top Notch Performance LLC ("**TNP**" doing business under the brand name "Playground Surf").

3.53    On information and belief, Ruzicka has an ownership interest in TNP/Playground Surf. TNP/Playground Surf was established by Ruzicka to extract funds improperly from TPC, its vendors, and related parties for Ruzicka's personal benefit (see below).

COMPLAINT FOR DAMAGES - 9

OLES MORRISON RINKER & BAKER LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101-3930
PHONE: (206) 623-3427
FAX: (206) 682-6234

3.54    On September 19, 2017, TNP (as Playground Surf) agreed to a Debt Settlement Agreement with MMCA which stated that Playground Surf owed MMCA $9,000 under the Brand Development Agreement.

3.55    On information and belief, Ruzicka signed the Debt Settlement Agreement as President and Co-founder of Playground Surf.

3.56    However, on or around September 24, 2017, Ruzicka wrongfully arranged for TPC to make the $9,000 payment to MMCA.

Fraudulent Credit Card and Reimbursement Payments

3.57    Ruzicka also misdirected TPC resources by using his TPC credit card extensively to pay for products or services provided to Ruzicka personally, or provided to Ruzicka's friends or family with no apparent benefit to TPC.

3.58    In his capacity as president of TPC, Ruzicka was granted use of TPC credit card to cover his expenses when transacting TPC business.

3.59    Instead, Ruzicka used the credit card to purchase cellphones for Daniel and Carolyn VanCleve (partners in Gemstone) on the TPC Verizon phone plan, despite the fact that neither are TPC employees.

3.60    Ruzicka has also transmitted over $750,000 to Gemstone as of December 31, 2015, and on information and belief, at least a portion of this amount constituted Gemstone's expenses being charged on Ruzicka's TPC credit card.

3.61    Ruzicka regularly used the TPC credit card to purchase airfare for Ruzicka's significant other, her family, and Ruzicka's other friends and family, none of whom are TPC employees. Ruzicka purchased airfare for himself to make several apparently personal trips with no benefit to TPC.

3.62    Ruzicka also used his TPC credit card for charges at Nordstrom and Macy's, personal massages, dry cleaning, tickets to sporting events, veterinary charges, and home repair costs.

COMPLAINT FOR DAMAGES - 10

3.63    Before Ruzicka had access to this credit card (from January 2012 through July 2014) he sought reimbursement from TPC for purported business expenses.

3.64    Starting in September 2013, Mr. Ruzicka began receiving "prepaid expenses," which were advances from TPC purportedly intended to cover Ruzicka's expenses, which would be entered into the accounting system at the end of each month.

3.65    Ruzicka received more in prepaid expenses then was ever documented or substantiated in the accounting system during this time. Such funds were misappropriated and should be reimbursed.

3.66    Plaintiff reserves the right to quantify the full extent of such misappropriations following a comprehensive audit.

3.67    In addition to using TPC funds for personal enrichment, Ruzicka also constructed an elaborate scheme centered on TPC which illicitly funneled income past TPC to Ruzicka personally.

3.68    Through a constellation of coordinating companies and individuals, The Ruzicka Enterprise facilitated Ruzicka's illicit personal monetization of the power and information he held as TPC president.

**Use of TPC to Generate Personal Income for Ruzicka**

3.69    As an officer of TPC, Ruzicka owed fiduciary duties of loyalty to TPC.

3.70    Instead of honoring these duties, Ruzicka used TPC as the cornerstone of The Ruzicka Enterprise's various schemes to convert TPC's work and opportunities into personal wealth for Ruzicka, at the expense of TPC's sole shareholder MPA.

3.71    This often involved using TPC to fund competing or related businesses in which Ruzicka held a personal ownership interest.

3.72    The Ruzicka Enterprise would also use a Ruzicka-owned entity called Summit Planning Group, LLC ("**SPG**") which existed primarily for the purpose of embezzling funds from TPC.

COMPLAINT FOR DAMAGES - 11

3.73    This conduct was often accomplished through kickbacks (styled as "consulting fees") paid by TPC vendors in exchange for TPC contracts or bidding information which Ruzicka learned by virtue of his position at TPC.

3.74    Some such schemes were less sophisticated, and simply involved a fraudulent transfer of cash out of a TPC account and directly into one of Ruzicka's personal accounts.

Encore Finishes, Inc.

3.75    Between 2015 and 2017, SPG invoiced Encore Finishes, Inc. ("**Encore**"), a TPC vendor and frequent subcontractor, for $697,027.

3.76    $292,000 of the $697,027 paid to SPG by Encore related to 17 TPC projects, where Ruzicka's fiduciary duties to TPC prohibit him from skimming personal profit from such transactions.

3.77    As to the balance of the $697,027, on information and belief, Ruzicka charged Encore for improperly assisting Encore in pursuing contracts for projects on which TPC was not bidding, or for which TPC was not the winning bidder.

3.78    On information and belief, unethical conduct and influence supplied by Ruzicka allowed Encore to adjust the pricing of the subcontract bids Encore submitted to TPC competitors who were bidding jobs on which TPC did not bid.

3.79    Ruzicka would only have acquired this information by virtue of his position as TPC president, through solicitations for bids which were directed to TPC.

3.80    On information and belief, Ruzicka used this information for his personal benefit by transmitting it to Encore in exchange for "consulting fees" to SPG.

3.81    Ruzicka also bid (and was awarded) jobs which primarily benefited Encore rather than TPC, but for which TPC would be saddled with considerable risk.

3.82    On information and belief, Ruzicka directed TPC to take on these jobs in exchange for payments to SPG by Encore.

COMPLAINT FOR DAMAGES - 12

**OLES MORRISON RINKER & BAKER** LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101-3930
PHONE: (206) 623-3427
FAX: (206) 682-6234

3.83    On information and belief, Encore was an unwitting facilitator of The Ruzicka Enterprise, as it is unclear if Encore had any contemporaneous knowledge of the fraudulent nature of Ruzicka's conduct.

3.84    Accordingly, Encore is listed here as an unwitting participant, rather than fully culpable defendant, though MPA reserves the right to join Encore as a defendant if evidence of fraudulent intent arises in discovery.

### H20 Integration Controls, LLC

3.85    On information and belief, Ruzicka co-founded H20 Integration Controls, LLC ("**H20**") with TPC employee Dominick M. Macri ("**Macri**") in 2015.

3.86    On information and belief, Ruzicka owns 40% and Mr. Macri owns 60% of the entity.

3.87    During the early days of the business, Ruzicka authorized Macri to use Ruzicka's TPC credit card to charge at least $12,827 for the purchase of equipment parts.

3.88    H20 subsequently assembled these parts into finished equipment which it sold to TPC. H20 never reimbursed TPC for the cost of these parts.

3.89    From April 2016 through July 2017, H20 also invoiced TPC for nearly $555,000 in equipment purchases and related labor.

3.90    H20's profit margin on this work and equipment was highly inflated - approximately 30%.

3.91    As a co-owner of H20, Ruzicka benefitted personally to the detriment of TPC from this high margin.

3.92    A TPC subsidiary, Interlock Filtration Systems, has the expertise to manufacture and sell the same technology and products as H20, but Ruzicka consistently elected to purchase H20's products at an excessive mark-up instead.

COMPLAINT FOR DAMAGES - 13

**OLES MORRISON RINKER & BAKER** LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101-3930
PHONE: (206) 623-3427
FAX: (206) 682-6234

3.93    On information and belief, Ruzicka continued to contract TPC with H20 because Ruzicka stood to accrue greater personal benefit from these transactions through his 40% ownership of H20.

3.94    SPG has also invoiced H20 $126,100 over four known invoices, and has been paid at least $125,145.

3.95    Of this amount, $85,000 was transferred to Ruzicka's personal Wells Fargo checking account instead of the SPG Wells Fargo checking account.

KNA, LLC

3.96    On information and belief, MMM Operations and Services, LLC aka KNA LLC is an entity that distributes (and possibly manufactures) state-of-the-art water slides, which TPC incorporates into its projects.

3.97    On information and belief, Ruzicka is the sole shareholder of the entity, which is operated with the assistance of Steve Levine.

3.98    SPG has invoiced KNA $482,000 for consulting services over six known invoices, one of which relates to two TPC projects (and at least $438,000 of which has been paid).

3.99    From April 2017 through January 2018, KNA invoiced TPC for over $968,000 on supply contracts worth $1,920,000.

3.100   Of the $968,000 paid by TPC to KNA, $317,165 was in excess of amounts invoiced to date from the relevant TPC clients.

3.101   In other words, this amount represents an unsecured advance to KNA by TPC.

3.102   On information and belief, KNA either used these funds to pay invoices from SPG, or to pay a member of the Ruzicka family with a financial relationship to KNA.

3.103   On information and belief, Ruzicka also instructed TPC personnel to charge costs for painting services to a TPC project in St. Charles Illinois, and charge labor and

COMPLAINT FOR DAMAGES - 14

equipment rentals to a TPC project in Dallas, Texas. In reality, all these services were provided for the installation of a waterslide at the Westside Tennis Club in Houston, Texas by MMM Operations and Services/KNA, LLC.

3.104   Even though this was not a TPC project, TPC paid the paint invoice ($25,491). While the labor and equipment rental invoice ($18,662.81) has not been paid, this course of conduct demonstrates that Ruzicka was acting in violation of his fiduciary duties as an officer of TPC by using TPC funds to pay the expenses of another business in The Ruzicka Enterprise.

TNP/Playground Surf

3.105   Ruzicka has represented to his superior at MPA that TNP/Playground Surf is an entity owned by another individual, Shane Beschen, and that it has no independent revenue.

3.106   On information and belief and by his own admission, Ruzicka has established Playground Surf with other individuals in order to take advantage of technological developments in wave technology, and thereby benefit himself to the exclusion of TPC on future waterpark development projects.

3.107   SPG has invoiced TNP/Playground Surf for $141,000 in consulting fees, apparently as payment for time and expertise which Ruzicka is being paid to provide to TPC. Such conduct is a clear violation of Ruzicka's fiduciary duties to TPC.

Arkansas Affiliate Payments

3.108   TPC is required to hold a contractor's license in each state where it performs work as a contractor.

3.109   Each such license generally requires TPC to specify an owner or employee who is tasked with ultimate oversight of construction activities undertaken by the licensee. This individual is referred to as the Responsible Managing Individual" ("**RMI**"), or another similar title.

COMPLAINT FOR DAMAGES - 15

**OLES MORRISON RINKER & BAKER** LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101-3930
PHONE: (206) 623-3427
FAX: (206) 682-6234

3.110   Significant training and testing is required to qualify as an RMI, and TPC paid for the time and training required to qualify Ruzicka for this role in various states.

3.111   In the state of Arkansas, TPC created an affiliate (TPC-AR, LLC or "**TPC-AR**") specifically to hold the Arkansas contractor's license.

3.112   Ruzicka, through SPG, invoiced TPC-AR $28,000 on October 31, 2017, for the "Use of Matthew's Ruzicka's Swimming Pool Contractors License for the state of Arkansas for the 2018 calendar year," despite the fact that TPC-AR itself actually held this license.

3.113   This was a blatant act to embezzle funds from TPC for his own personal benefit.

3.114   In payment of that invoice, on December 11, 2017, TPC-AR transferred $28,000 from its Wells Fargo checking account to Ruzicka's personal Wells Fargo checking account, instead of the SPG Wells Fargo checking account. These funds have not been repaid.

3.115   Ruzicka also made several unauthorized transfers from the TPC-AR Wells Fargo checking account to his personal Wells Fargo checking account in the amounts of $12,250 (transferred out September 2, 2015 and returned on October 19, 2015), $10,000 (transferred out April 3, 2017 and returned May 1, 2017), and $30,000 (transferred out August 21, 2017 and returned November 30, 2017).

Direct Transfers to Personal Bank Accounts

3.116   Ruzicka has performed at least two unauthorized transfers of TPC funds into his personal checking accounts and has yet to repay the entire amount transferred.

3.117   On August 21, 2017, Ruzicka transferred an unauthorized $44,000 from a TPC Wells Fargo savings account to a personal Wells Fargo checking account.

COMPLAINT FOR DAMAGES - 16

**OLES MORRISON RINKER & BAKER** LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101-3930
PHONE: (206) 623-3427
FAX: (206) 682-6234

3.118   On September 26, 2017, Ruzicka transferred $44,000 to the same TPC Wells Fargo savings account from his personal checking account, which repaid the prior unauthorized transfer.

3.119   On January 11, 2018, Ruzicka again transferred unauthorized funds from the TPC Wells Fargo savings account to his personal Wells Fargo checking account, this time in the amount of $30,000.

3.120   To date, the $30,000 has not been repaid, despite Ruzicka's assurances that he would return the funds.

3.121   In summary, Ruzicka made at least two unauthorized transfers totaling $74,000 of TPC cash to his personal accounts, and only $44,000 has been returned.

3.122   In a pattern of conduct similar to this unauthorized diversion of corporate funds, The Ruzicka Enterprise was partly staffed by individuals who were nominally TPC employees (or otherwise compensated by TPC), but were actually engaged in work for Ruzicka's other ventures that did not benefit TPC.

**Use of TPC Employees and Consultants for Ruzicka Ventures**

3.123   Although he was employed full time as President of TPC, Ruzicka increasingly directed large amounts of his own time and labor, as well as the time and labor of TPC employees (such as Messrs. Macri, Beschen, and Luff) towards work for companies or business ventures which did not benefit TPC.

3.124   TPC continued to pay Ruzicka and these employees for time spent benefiting these other entities and ventures.

3.125   This time and labor is a TPC corporate resource which was misdirected, to the detriment of TPC and in violation of Ruzicka's corporate duties and fiduciary responsibilities.

3.126   In this way, The Ruzicka Enterprise essentially secured a significant portion of its labor force at TPC's expense.

COMPLAINT FOR DAMAGES - 17

OLES MORRISON RINKER & BAKER LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101-3930
PHONE: (206) 623-3427
FAX: (206) 682-6234

1

2

Ruzicka's Involvement with Gemstone

3

3.127   Ruzicka repeatedly misrepresented that he was involved with Gemstone to

4

help his cousins set up the company and had no further time commitment to Gemstone.

5

3.128   However, Ruzicka has at least a 20% ownership in Gemstone.

6

3.129   The Gemstone website has Mr. Ruzicka pictured as part of the ownership

group and a passage that states, "The ownership group is 100% hands on."

7

3.130   This represents a level of involvement and a significant investment of time

8

and labor contrary to Ruzicka's past representations and in violation of his fiduciary duties

9

to TPC.

10

3.131   On information and belief, Ruzicka uses TPC funds to make acquisitions

11

for the benefit of Gemstone, which treats the contributions as personal loans of Ruzicka.

12

3.132   One of Ruzicka's relatives, Blayne Ruzicka, has previously performed work

for Gemstone while employed with TPC for an annual salary of $65,000.

13

3.133   Blayne Ruzicka was terminated by TPC on 6/11/18.

14

15

Mike Macri's Involvement with H20

16

3.134   Dominick "Mike" Macri, the 60% owner of H20, has been employed by

17

TPC at an annual salary of $78,000.

18

3.135   Macri has rarely been seen at TPC headquarters since founding H20, but

has regularly claimed to be working from TPC's headquarters office for entries on his TPC

19

timesheets.

20

3.136   Macri has essentially served as an accomplice to Ruzicka, facilitating the

21

embezzlement of TPC funds by The Ruzicka Enterprise through H20.

22

23

Shane Beschen and John Luff's Involvement with TNP/Playground Surf

24

COMPLAINT FOR DAMAGES - 18

OLES MORRISON RINKER & BAKER LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101-3930
PHONE: (206) 623-3427
FAX: (206) 682-6234

3.137   Shane Beschen, while apparently operating TNP/Playground Surf, has been paid a monthly fee by TPC since June 2016. To date, these payments have totaled over $120,000, but no apparent benefit to TPC has been provided.

3.138   At the behest of Ruzicka, TPC employee John Luff signed an employment agreement with "Playground Surf" on March 22, 2017 to begin work May 1, 2017 for an annual base salary of $150,000.

3.139   This annual salary is actually paid by TPC, which on information and belief causes TPC to fund Luff's work for an unrelated entity.

3.140   On information and belief, Luff was an unwitting facilitator of The Ruzicka Enterprise, as it is unclear if he had any contemporaneous knowledge of the fraudulent nature of Ruzicka's conduct.

3.141   Accordingly, Luff is listed here as an unwitting participant in the enterprise, rather than a fully culpable defendant. MPA reserves the right to join Luff as a defendant if evidence of fraudulent intent arises in discovery.

## IV.   <u>CLAIMS FOR RELIEF</u>

### <u>COUNT ONE</u>

**Racketeer Influenced And Corrupt Organizations Act**
**18  U.S.C. § 1962(c) – Conduct of Enterprise Through Racketeering**
**(Against All Defendants)**

4.1   All prior paragraphs are re-alleged as though fully set forth herein.

4.2   MPA has standing to seek damages from the Defendants. By facilitating the misappropriation of TPC funds, opportunities, and resources, Ruzicka and the enterprise participants managed, operated, or otherwise directed the affairs of The Ruzicka Enterprise as envisioned for so-called "conduct" claims under 18 U.S.C. §§ 1962(c).

4.3   The Ruzicka Enterprise also plainly constitutes an "enterprise" as defined in 18 U.S.C. § 1961(4), in that The Ruzicka Enterprise's purpose (enriching Ruzicka) was affected by entities and individual's related through Ruzicka or TPC, which persisted throughout Ruzicka's corporate presidency.

COMPLAINT FOR DAMAGES - 19

**OLES MORRISON RINKER & BAKER LLP**
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101-3930
PHONE: (206) 623-3427
FAX: (206) 682-6234

4.4 The members of The Ruzicka Enterprise included, at a minimum:

4.4.1 Matthew Ruzicka, who as President of TPC and coordinator of The Ruzicka Enterprise, used his position to arrange payments by TPC for personal benefit, misappropriation of TPC corporate opportunities, and diversion of TPC corporate resources. Thus, Matthew Ruzicka is an individual "person," within the meaning of 18 U.S.C. §§1961(3) and 1962(c), who associated with and/or participated in the conduct and affairs of the enterprise as described above.

4.4.2 Canyon Road Investors, LLC, which is a "person," within the meaning of 18 U.S.C. §§1961(3) and 1962(c) that associated with and/or participated in the conduct and affairs of the enterprise as described above. Its participation consisted of facilitating The Ruzicka Enterprise's scheme to provide Ruzicka personal ownership in the planned waterpark in exchange for TPC funds.

4.4.3 Mez Lender, LLC, which is a "person," within the meaning of 18 U.S.C. §§1961(3) and 1962(c) that associated with and/or participated in the conduct and affairs of the enterprise as described above. Its participation consisted of facilitating The Ruzicka Enterprise's scheme to provide Ruzicka personal ownership in the planned waterpark in exchange for TPC funds.

4.4.4 Dan and Carolyn VanCleve, who are individual "persons" within the meaning of 18 U.S.C. §§1961(3) and 1962(c) that associated with and/or participated in the conduct and affairs of the enterprise as described above. Their participation in this scheme consisted principally of operating Gemstone Tile, LLC which facilitated the misappropriation of TPC funds for Ruzicka's personal benefit

OLES MORRISON RINKER & BAKER LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101-3930
PHONE: (206) 623-3427
FAX: (206) 682-6234

though TPC's payment of Gemstone's expenses and/or an investment of TPC funds credited personally to Ruzicka.

4.4.5 H20 Integration Controls, LLC, which is an individual "person," within the meaning of 18 U.S.C. §§1961(3) and 1962(c) that associated with and/or participated in the conduct and affairs of the enterprise as described above. Its participation consisted of contracting with TPC to provide services TPC could self-perform through a subsidiary, and charging a premium to funnel TPC funds directly to Ruzicka. H20 Integration Controls, LLC also made "consulting fee" payments to SPG (or Ruzicka personally), and siphoned off funds and labor from TPC in the form of Dominick "Mike" Macri's time and attention while Macri was still a TPC employee being paid $78,000 per year.

4.4.6 MMM Operations and Services, LLC aka KNA, LLC, which is a "person," within the meaning of 18 U.S.C. §§1961(3) and 1962(c) that associated with and/or participated in the conduct and affairs of the enterprise as described above. Its participation consisted principally of receiving advances from TPC beyond the work provided in order to make payments to SPG and/or members of the Ruzicka family.

4.4.7 Steve Levine who is an individual "person," within the meaning of 18 U.S.C. §§1961(3) and 1962(c) that associated with and/or participated in the conduct and affairs of the enterprise as described above. His participation consisted of operating and/or directing the affairs of MMM Operations and Services, LLC aka KNA, LLLC, which facilitated The Ruzicka Enterprise's misappropriation of TPC funds.

COMPLAINT FOR DAMAGES - 21

OLES MORRISON RINKER & BAKER LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101-3930
PHONE: (206) 623-3427
FAX: (206) 682-6234

1
2
3
4
5
6
7
8

4.4.8   Top Notch Performance/Playground Surf, which is a "person," within the meaning of 18 U.S.C. §§1961(3) and 1962(c) that associated with and/or participated in the conduct and affairs of the enterprise as described above. Its participation consisted of facilitating The Ruzicka Enterprise's scheme to divert corporate opportunities in the surf industry that would otherwise go to TPC. It also facilitated the misappropriation of TPC funds, as Shane Beschen and John Luff were both paid by TPC to perform work for TNP/Playground Surf.

9
10
11
12
13
14
15

4.4.9   Gemstone Tile, LLC, which is a "person," within the meaning of 18 U.S.C. §§1961(3) and 1962(c) that associated with and/or participated in the conduct and affairs of the enterprise as described above. Its participation consisted of siphoning off funds and labor from TPC in the form of Ruzicka's time and attention, the time and attention of TPC employee Blayne Ruzicka, and whatever portion of Matthew Ruzicka's $750,000 in payments as of December 31, 2015 consisted of TPC funds.

16
17
18
19
20

4.4.10  Blayne Ruzicka, who is an individual "person," within the meaning of 18 U.S.C. §§1961(3) and 1962(c) that associated with and/or participated in the conduct and affairs of the enterprise as described above. His participation consisted of devoting time and attention to Gemstone Tile, LLC while still a TPC employee being paid $65,000 per year.

21
22
23
24

4.4.11  Summit Planning Group LLC, which is a "person," within the meaning of 18 U.S.C. §§1961(3) and 1962(c) that associated with and/or participated in the conduct and affairs of the enterprise as described above. Its participation consisted of serving as the conduit

COMPLAINT FOR DAMAGES - 22

for illicit payments to its sole shareholder (Ruzicka) from TPC vendors and entities otherwise associated with Ruzicka.

4.4.12  Shane Beschen, who is an individual "person," within the meaning of 18 U.S.C. §§1961(3) and 1962(c) that associated with and/or participated in the conduct and affairs of the enterprise as described above. His participation consisted of facilitating the misappropriation of TPC funds by devoting his time and labor to an independent enterprise, TNP/Playground Surf, in leu of providing value to TPC in exchange for its monthly payments.

4.4.13  Dominick Macri who is an individual "person," within the meaning of 18 U.S.C. §§1961(3) and 1962(c) that associated with and/or participated in the conduct and affairs of the enterprise as described above. His participation consisted of facilitating the misappropriation of TPC funds by providing products TPC could produce in-house at inflated prices. He also collected a TPC paycheck while primarily devoting his time and attention to H20 Integration Controls, LLC.

4.5     The combination of Matthew Ruzicka, Canyon Road Investors, LLC, Mez Lender, LLC, Daniel VanCleve, Carolyn VanCleve, H20 Integration Controls, LLC, KNA, LLC, Steve Levine, Top Notch Performance LLC, Gemstone Tile, LLC, Blayne Ruzicka, Summit Planning Group, LLC, Shane Beschen, and Dominick Macri, and others known and unknown, constituted an "association in fact" enterprise within the meaning of 18 U.S.C. §1961(4). These Defendants together contributed to the shared purpose of of The Ruzicka Enterprise by defrauding MPA for Ruzicka's personal benefit. In order to achieve this purpose, these Defendants developed relationships with each other and through Ruzicka/TPC over the period of Ruzicka's presidency of TPC. In addition, the individuals employed by or associated with each entity Defendant joined and became part of the

COMPLAINT FOR DAMAGES - 23

**OLES MORRISON RINKER & BAKER** LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101-3930
PHONE: (206) 623-3427
FAX: (206) 682-6234

association in fact enterprise by combining with the entities with whom they were not employed, and with the individuals employed by those entities, in performing the predicate acts which constitute the racketeering activity alleged above and below.

4.6    Under the auspices of purportedly legitimate professional entities, the structures were in place for The Ruzicka Enterprise to siphon funds from TPC and direct them towards real property investments, personal expenditures, and separate business ventures.

4.7    As such, Matthew Ruzicka, Canyon Road Investors, LLC, Mez Lender, LLC, Daniel VanCleve, Carolyn VanCleve, H20 Integration Controls, LLC, KNA, LLC, Steve Levine, Top Notch Performance LLC, Gemstone Tile, LLC, Blayne Ruzicka, Summit Planning Group, LLC, Shane Beschen, and Dominick Macri, and others known and unknown, conducted, participated in, engaged in, or aided and abetted the conduct of the affairs of the enterprise.

4.8    These same "persons," either directly or through employees, committed predicate acts of mail fraud and wire fraud within the meaning of 18 U.S.C. §§1341, 1343 and 1961(1). These acts consisted of making false and misleading statements, or statements made as an artifice or scheme to defraud.

4.9    The separate acts of mail and wire fraud are numerous, but at a minimum include:

4.9.1    Ruzicka's September 26, 2014 wire transfer payment of $200,000 to Canyon Road Investors, LLC.

4.9.2    Ruzicka's seven April, 2015, wire transfer payments totaling $403,000 to Canyon Road Investors, LLC.

4.9.3    Monthly investment interest checks issued to Ruzicka personally by Canyon Road Investors, LLC from November 2014 through April 2015, totaling $65,466.

COMPLAINT FOR DAMAGES - 24

**OLES MORRISON RINKER & BAKER** LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101-3930
PHONE: (206) 623-3427
FAX: (206) 682-6234

4.9.4   Ruzicka's September 24, 2017 wire transfer payment of $9,000 to MMCA.

4.9.5   Each of Encore Finishes, Inc.'s payments to SPG totaling $697,027.

4.9.6   Each of H20 Integration Controls, LLC's payments to SPG totaling $125,145, as well as each of the amounts invoiced to TPC at a 30% premium.

4.9.7   Ruzicka's payment of $12,827 for H20 Integration Controls, LLC's equipment parts using the TPC credit card.

4.9.8   TPC's advance payment of $317,165 to MMM Operations and Services LLC/KNA, LLC for equipment not yet provided.

4.9.9   Ruzicka's December 11, 2017 payment of $28,000 to SPG from TPC-AR.

4.9.10  Ruzicka's January 11, 2018 payment of $30,000 in TPC funds into his personal checking account.

4.9.11  Ruzicka's June, 2017 denials that he was devoting time or attention to any other businesses.

4.9.12  Blayne Ruzicka continuing to collect a full TPC paycheck and benefits while also working for Gemstone.

4.9.13  Dominick "Mike" Macri's continuing to collect a TPC paycheck while no longer primarily performing work for TPC.

4.10   Each unauthorized credit card charge or fraudulent "advance" on expenses also constitutes an additional act of mail or wire fraud.

4.11   Every such act of falsehood or item containing misleading information, facilitated through the use of the U.S. Mail or wire transmissions, constitutes a separate act of mail and/or wire fraud and hence a separate predicate act within the meaning of RICO and the cases interpreting it, as well as the mail fraud provisions of 18 U.S.C. §1341 and

COMPLAINT FOR DAMAGES - 25

OLES MORRISON RINKER & BAKER LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101-3930
PHONE: (206) 623-3427
FAX: (206) 682-6234

wire fraud provisions of 18 U.S.C. §1343, which are both recognized predicate acts of racketeering activity under 18 U.S.C. §1961(1) and (4).

4.12    Defendants knowingly and willfully, and with intent to defraud, devised a scheme to defraud MPA by obtaining money from TPC (and thus MPA) through false and fraudulent pretenses and representations. These acts all occurred after the effective date of the RICO Act, and more than two such acts occurred within ten years of one another.

4.13    At all relevant times, the enterprise alleged above was engaged in, and its activities affected, interstate commerce. Importantly, many of the fraudulent and false representations at issue were actually transmitted by wire and/or sent through the mail across state lines or national borders.

4.14    All of the predicate acts described in this Complaint were related and establish a pattern of racketeering activity, within the meaning of 18 U.S.C. §1962(c), in that their common purpose, and their common result, was to defraud MPA of money. MPA was the victim of the acts of racketeering, and the acts of racketeering were otherwise interrelated by distinguishing characteristics and were not isolated events.

4.15    All of the predicate acts described within this Complaint were continuous so as to form a pattern of racketeering activity in that "persons" participating in the enterprise engaged in the predicate acts over a substantial period of time or in that such predicate acts had become part of the enterprise participants' regular way of conducting business, and said business practices would have continued indefinitely into the future.

4.16    At all times, TPC (and thus ultimately MPA) was the reasonably foreseeable and/or anticipated victim of the Defendants' fraudulent scheme, as defendants reasonably knew that The Ruzicka Enterprise was not acting for TPC's or MPA's benefit.

4.17    MPA was directly injured by this fraudulent conduct, as TPC's funds were misappropriated, its business opportunities diverted, and its employees co-opted without TPC (and thus MPA) realizing anything of substance in return.

COMPLAINT FOR DAMAGES - 26

4.18    As a direct and proximate result of the activities of Matthew Ruzicka, Canyon Road Investors, LLC, Mez Lender, LLC, Daniel VanCleve, Carolyn VanCleve, H20 Integration Controls, LLC, KNA, LLC, Steve Levine, Top Notch Performance LLC, Gemstone Tile, LLC, Blayne Ruzicka, Summit Planning Group, LLC, Shane Beschen, and Dominick Macri, and others known and unknown, MPA has been injured in their business or property, within the meaning of 18 U.S.C. §1964(c) in the amount of $2,909,622.63.

4.19    MPA is therefore entitled to recover threefold the damage it has sustained, together with the cost of the suit including costs, reasonable attorneys' fees, and reasonable experts' fees.

### Count II
### Racketeer Influenced And Corrupt Organizations Act
### 18 U.S.C. §1962(d) – Conspiracy
### (Against All Defendants)

4.20    All prior paragraphs are re-alleged as though fully set forth herein.

4.21    Upon information and belief, Matthew Ruzicka, Canyon Road Investors, LLC, Mez Lender, LLC, Daniel VanCleve, Carolyn VanCleve, H20 Integration Controls, LLC, KNA, LLC, Steve Levine, Top Notch Performance LLC, Gemstone Tile, LLC, Blayne Ruzicka, Summit Planning Group, LLC, Shane Beschen, and Dominick Macri, and others known and unknown, conspired together to conduct or participate, directly or indirectly, in the conduct of the affairs of the enterprise described within this Complaint through a pattern of racketeering activity in violation of 18 U.S.C. §1962(c).

4.22    In particular, the Defendants intended to further an endeavor which, if completed, would satisfy all of the elements of a fraudulent scheme to damage MPA. Further, the Defendants agreed to use the U.S. Mail and/or wire services such as telephone, facsimile, or email to carry out their fraudulent scheme.

4.23    Matthew Ruzicka, in collaboration with the other relevant individuals and entities listed herein, did knowingly, willfully, and with intent to defraud, devise a scheme to defraud MPA through false or fraudulent pretenses.

COMPLAINT FOR DAMAGES - 27

**OLES MORRISON RINKER & BAKER** LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101-3930
PHONE: (206) 623-3427
FAX: (206) 682-6234

4.24    MPA was injured by the co-conspirators' overt acts, which constituted racketeering or were otherwise unlawful under the RICO Act. These included (among other acts) acts of mail and wire fraud. As a direct and proximate result of, and by reason of, the activities of the coconspirators of the enterprise, and the conspiracy alleged herein, MPA has been injured in its business or property, within the meaning of 18 U.S.C. §1964(c).

4.25    The Plaintiff has suffered damages to the extent the co-conspirators and/or each of them, facilitated the fraudulent misappropriation of TPC corporate funds, opportunities, or resources. The Plaintiff is therefore entitled to recover threefold the damage they have sustained together with the cost of the suit, including costs, reasonable attorneys' fees and reasonable experts' fees.

### Count III
### Washington Criminal Profiteering Act - § RCW 9A.82.100, et seq.
### (Against All Defendants)

4.26    All prior paragraphs are re-alleged as though fully set forth herein.

4.27    Each of the fraudulent claims described above demonstrate that the Defendants committed: (1) Theft in the first degree as defined in RCW § 9A.56.030 (theft of property or services exceeding $5,000.00); Money Laundering, as defined in RCW 9A.83.020; and (3) Leading Organized Crime as defined in RCW 9A.82.060.

4.28    The illicit conduct described above manifestly involved theft of funds or services greater than $5,000, and concerned financial transactions involving the known proceeds of an unlawful activity (fraud).

4.29    Matthew Ruzicka specifically is liable for Leading Organized Crime, as he 1) intentionally organized, managed, directed, supervised, or financed (2) three or more persons, (3) with the intent to engage in a pattern of criminal profiteering activity.

4.30    In fact, all three sets of illicit conduct clearly constitute patterns of profiteering activity, as each involved at least three such related acts within a five-year period.

COMPLAINT FOR DAMAGES - 28

**OLES MORRISON RINKER & BAKER** LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101-3930
PHONE: (206) 623-3427
FAX: (206) 682-6234

4.31     The Ruzicka Enterprise (Matthew Ruzicka, The Pool Company Ltd., Canyon Road Investors, LLC, Mez Lender, LLC, Daniel and Carolyn VanCleve, H20 Integration Controls, LLC, MMM Operations and Services, LLC aka KNA, LLC, Steve Levine, Top Notch Performance/Playground Surf, TPC-AR, LLC, Gemstone Tile, LLC, Blayne Ruzicka and other known and unknown) constitutes an association in fact sufficient to qualify as an enterprise under RCW 9A.82.010(8).

4.32     The pattern of profiteering activity materially damaged MPA. By virtue of the Defendants' violations, the Plaintiff is entitled to recover from each Defendant identified three times the damages sustained by reason of the fraudulent acts of the Defendants and others acting in concert with them, together with the costs of suit including reasonable attorneys' fees and investigative costs.

4.33     Thus, MPA demands actual and consequential damages in an amount to be established at trial, treble damages, interest, costs and reasonable attorneys' fees, along with legal and investigative costs.

### Count IV
### Conspiracy To Defraud
### (Against All Defendants)

4.34     All prior paragraphs are re-alleged as though fully set forth herein.

4.35     At all times relevant, the Defendants constituted an association of two or more persons or business entities who had a shared objective to be accomplished, had a meeting of the minds on how to achieve their objective, and committed one or more unlawful or overt acts in furtherance of that objective, resulting in damages to the MPA.

4.36     All of the Defendants, jointly and individually, operated by implicit or explicit agreement whereby they would knowingly and wrongfully facilitate, conceal, advance, promote, and otherwise further one of the three fraudulent schemes outlined above.

4.37     These co-conspirators engaged in numerous wrongful acts pursuant to their agreement to defraud MPA as set forth with particularity above in this Complaint.

COMPLAINT FOR DAMAGES - 29

4.38    As a direct and proximate result of the herein alleged conspiracy to defraud the Plaintiff, the Plaintiff suffered damages. Further, the conduct of the Defendants as described within this Complaint was willful, malicious, and done with a reckless disregard to the Plaintiff and with the express purpose of obtaining money from the Plaintiff through fraudulent billings, reports, records and referrals.

### Count V
### Breach of Fiduciary Duties
### (Against Matthew Ruzicka)

4.39    As an officer of TPC, an Oregon Corporation, Ruzicka owed certain fiduciary duties to TPC under Oregon Law.

4.40    These included Duties of Care, Loyalty, and Good Faith.

4.41    Ruzicka misdirected TPC and vendor funds for his personal benefit, neglected his responsibilities to TPC in favor of personally beneficial ventures, and disguised his conduct from TPC's sole shareholder.

4.42    Ruzicka's repeated breaches of his fiduciary duties materially damaged TPC in an amount to be proven at trial, plus interest, attorneys' fees, and costs.

### Count VI
### Conversion
### (Against Matthew Ruzicka)

4.43    All prior paragraphs are re-alleged as though fully set forth herein.

4.44    Ruzicka's misconduct as President of TPC involved numerous misappropriations of corporate funds, opportunities, and resources.

4.45    As a fiduciary of TPC, Ruzicka was not entitled to employ corporate funds, opportunities, or resources for personal gain.

4.46    In collaboration with the other defendants, Ruzicka executed a complex fraudulent scheme which converted TPC corporate funds, opportunities, or labor.

4.47    This conversion of TPC assets constituted waste and mismanagement that damaged TPC in an amount to be proven at trial, plus interest, attorneys' fees, and costs.

### Count VII
### Fraud and Fraudulent Concealment

COMPLAINT FOR DAMAGES - 30

OLES MORRISON RINKER & BAKER LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101-3930
PHONE: (206) 623-3427
FAX: (206) 682-6234

**(All Defendants)**

4.48    All prior paragraphs are re-alleged as though fully set forth herein.

4.49    Ruzicka repeatedly misrepresented his work or concealed his activities from TPC shareholder MPA and its President, Dwight Love, to whom Ruzicka, as President of TPC, responds directly.

4.50    In collaboration with the other defendants, Ruzicka executed three separate fraudulent schemes which each involved misrepresentations or omissions where disclosure would normally be expected.

4.51    These statements were false, and knowledge of the true extent of Ruzicka and other Defendants' actions would have caused MPA and TPC management to respond differently.

4.52    Ruzicka and Defendants knew their actions and communications with MPA and TPC management were misrepresentations or would be misinterpreted, which misbehavior caused TPC considerable damage.

4.53    MPA and TPC management were left wholly unaware of the extent to which Ruzicka's actions were damaging TPC, just as Ruzicka intended.

4.54    MPA and TPC management left Ruzicka in charge in reliance on these false representations concerning his actions and priorities.

4.55    This reliance damaged TPC in an amount to be proven at trial, plus interest, attorneys' fees, and costs.

## Count VIII
### Negligent Misrepresentation and Failure to Disclose
**(All Defendants)**

4.56    All prior paragraphs are re-alleged as though fully set forth herein.

4.57    Ruzicka and Defendants made repeated misrepresentations in the course of the three fraudulent schemes outlined above.

4.58    Ruzicka in particular breached his duty to disclose his activities to MPA and its President, Dwight Love, to whom Ruzicka, as President of TPC, responded directly.

COMPLAINT FOR DAMAGES - 31

**OLES MORRISON RINKER & BAKER** LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101-3930
PHONE: (206) 623-3427
FAX: (206) 682-6234

4.59    Ruzicka and Defendants supplied these affirmative misstatements (and left other activities undisclosed) in order to guide MPA and TPC management in their business transactions.

4.60    Ruzicka and Defendants knew or should have known that MPA and TPC management would rely on these misstatements and nondisclosures for business guidance.

4.61    Ruzicka and Defendants' misstatements and failure to disclose the extent of their activities were, at a minimum, negligent.

4.62    MPA and TPC management relied on these negligent misrepresentations and nondisclosures, and such reliance was reasonable.

4.63    Had MPA and TPC management been aware of Ruzicka's undisclosed activities, they would have responded to the situation differently.

4.64    This reliance proximately damaged MPA in an amount to be proven at trial, plus interest, attorneys' fees, and costs.

### Count IV
### Unjust Enrichment
### (All Defendants)

4.65    All prior paragraphs are re-alleged as though fully set forth herein.

4.66    Ruzicka and Defendants' actions were deliberately designed to extract as much money as possible from TPC's business ventures for Ruzicka and defendants' benefit, often at TPC's sole expense.

4.67    Unaware of this damage, TPC continued to compensate Ruzicka and several TPC employees, leaving the business's affairs entirely in their hands.

4.68    TPC reasonably expected that Ruzicka, TPC employees, and other parties contracted with TPC would devote their time and efforts to conducting the business of TPC, for TPC's (and thus MPA's) benefit.

4.69    Ruzicka and Defendants knew what was expected of them, but damaged TPC instead, while receiving the benefit of TPC's salary, resources, and business.

COMPLAINT FOR DAMAGES - 32

**OLES MORRISON RINKER & BAKER** LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101-3930
PHONE: (206) 623-3427
FAX: (206) 682-6234

4.70    Ruzicka and Defendants' actions enabled them to become unjustly enriched, and TPC is entitled to the reasonable value of this improper enrichment in an amount to be proven at trial, plus interest, attorneys' fees, and costs.

## V.    PRAYER FOR RELIEF

Plaintiff MPA prays for relief against defendant Ruzicka as follows:

1.    That the MPA be awarded a judgment in their favor for each of the Counts set forth in this Complaint.

2.    On the above causes of action, for damages consisting of, but not limited to, the following:

a.    Actual and consequential damages, including economic, general and special damages, caused by the Defendants' conduct as alleged herein;

b.    Treble damages as permitted by the Federal RICO Act;

c.    Treble damages as permitted by the Washington Criminal Profiteering Act;

d.    Attorney's fees and all costs, including all pre-litigation investigation expenses and expert expenses, incurred by the Plaintiff as a result of the Defendants' conduct as permitted by both Federal and Washington state law both before and after the filing of this Complaint;

e.    For Judgment that the Defendants disgorge to the Plaintiff all amounts received by the Defendants from the Plaintiff.

3.    For a Constructive Trust over the Defendants for damages arising from the fraudulent schemes outlined above.

4.    For leave to amend this Complaint, if needed, to supplement or allege new causes of action or join additional defendants, based on facts that may arise in discovery;

5.    For pre-judgment and post-judgment interest as allowed by law; and

6.    For any and such further relief that this Court deems just and equitable.

COMPLAINT FOR DAMAGES - 33

OLES MORRISON RINKER & BAKER LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101-3930
PHONE: (206) 623-3427
FAX: (206) 682-6234

1    DATED this __27th__ day of June, 2018.

2                                                        OLES MORRISON RINKER & BAKER LLP

3

4                                                        By _____

5                                                        Sam E. Baker, Jr., WSBA 3872
                                                         Oles Morrison Rinker & Baker LLP
                                                         701 Pike Street, Suite 1700
6                                                        Seattle, WA  98101-3930
                                                         Telephone: (206) 623-3427
7                                                        Facsimile: (206) 682-6234
                                                         Email: Baker@Oles.com
8
                                                         Attorney for Plaintiff Master Pools Alta.
9                                                        Ltd.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

COMPLAINT FOR DAMAGES - 34                    **OLES MORRISON RINKER & BAKER** LLP
                                               701 PIKE STREET, SUITE 1700
                                               SEATTLE, WA  98101-3930
                                               PHONE: (206) 623-3427
                                               FAX: (206) 682-6234